IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>All articles of food (excluding articles in freezer #1) stored on the premises at Happy Valley Food, Inc., 1240 W Street, N.E., Washington, D.C., that are in various types of containers (excluding articles in metal or glass containers),<br><br>　　　　　Defendants. | Civ. No. 06-266 (RMU) |

### CONSENT DECREE OF CONDEMNATION AND INJUNCTION

On February 14, 2006, the United States of America ("Plaintiff"), by and through its attorney, Kenneth L. Wainstein, United States Attorney for the District of Columbia, filed a verified Complaint for Forfeiture *in Rem* ("Complaint") in this Court against the above-captioned articles ("the Articles")(not including meat and dairy items). The Complaint alleges that the Articles proceeded against are foods that are adulterated within the meaning of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 342(a)(4), while held for sale after shipment in interstate commerce, in that they have been held under insanitary conditions whereby they may have become contaminated with filth.

Pursuant to the Warrant of Arrest *in Rem* issued by this Court, the United States Marshal for this District seized the Articles on February 17, 2006. On March 14, 2006, Johnny ChanCorp., by and through his attorney, intervened and filed a statement of interest in the Articles. On March 22, 2006, Happy Valley Food Corp. ("Claimant"), by and through Johnny Chan, filed an amended statement of interest

clarifying that Happy Valley Food Corp. is the custodian of the Articles and has a legal interest in the Articles.

Claimant affirms that it is the sole owner of the Articles and that no other person has an interest in the Articles. Further, Claimant agrees to indemnify and hold Plaintiff harmless should any party or parties hereafter file or seek to file a statement of interest, or to intervene in this action and obtain any part of the Articles subject to this Decree. Claimant now consents that a decree, as prayed for in the Complaint, be entered condemning the Articles under seizure.

In addition, Claimant further waives the filing of an amended complaint seeking injunctive relief and consents to the entry of this Consent Decree of Condemnation and Injunction without contest and before any testimony has been taken, and the United States having consented to the entry of this Decree, and the Court being fully advised of the basis thereof, it is now:

ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action and personal jurisdiction over all the parties to this action pursuant to 28 U.S.C. § 1345 and 21 U.S.C. §§ 332 and 334.

2. The seized Articles are articles of food that are adulterated within the meaning of the Act, 21 U.S.C. § 342(a)(4), while held for sale after shipment in interstate commerce (including commerce within the District of Columbia pursuant to 21 U.S.C. § 321(b)), as alleged in the Complaint, and are therefore condemned pursuant to 21 U.S.C. § 334, and forfeited to the United States.

3. Pursuant to 21 U.S.C. § 334(e), Claimant shall pay to the United States all court costs and fees, storage, and other proper expenses to date and such additional expenses as may hereinafter be incurred and taxed.

4. Within twenty (20) calendar days from the date of entry of this Decree, Claimant shall pay in full the court costs, fees, and storage and other proper expenses of this proceeding as described in Paragraph 3 of this Decree and execute and file with the Clerk of this Court a good and sufficient penal bond in the amount of $134,000.00, in a form acceptable to the Clerk of this Court, payable to the United States of America, and conditioned on Claimant's abiding by and performing all of the terms and conditions of this Decree and of such further orders and decrees as may be entered in this proceeding.

5. After the filing of the bond pursuant to paragraph 4, Claimant shall give written notice to the United States Food and Drug Administration("FDA"), Baltimore District Office, 6000 Metro Drive, Suite 101, Baltimore, Maryland, 21215, that Claimant, at its own expense, is prepared to attempt to bring the Articles into compliance with the law under the supervision of a duly authorized representative(s) of the United States Department of Health and Human Services ("FDA representative").

6. Claimant shall not commence attempting to bring any of the Articles into compliance with the law unless and until Claimant: (a) submits a written statement to FDA detailing the proposed plan to bring the Articles into compliance, which shall be submitted within twenty (20) calendar days of the entry of this decree; (b) receives written approval of such plan from FDA; and (c) receives written authorization

from FDA to commence attempting to bring the Articles into compliance with the Act.

7. Upon being notified by FDA that: Claimant has paid the court costs, fees, and storage and other proper expenses of this proceeding pursuant to Paragraph 3 of this Decree; Claimant has posted the bond pursuant to Paragraph 4 of this Decree; and Claimant has received written authorization from FDA to commence reconditioning pursuant to Paragraph 6(c) of this Decree, the United States Marshal for this District shall release the Articles from his custody to the custody of the Claimant for the sole purpose of attempting to bring the Articles into compliance with the Act.

8. Claimant shall at all times, until the Articles have been released by an FDA representative, retain intact the Articles seized for examination or inspection by the FDA representative, and shall maintain the records or other proof necessary to establish the identity of the Articles to the satisfaction of the FDA representative.

9. Claimant shall at no time, and under no circumstances whatsoever, ship, sell, offer for sale, or otherwise dispose of any part of the Articles or any other articles of food held at its facility, located at 1240 W. Street, N.E., Washington D.C. ("facility"), until: (1) an FDA representative has had free access to them in order to take any samples or make any tests or examinations that are deemed necessary; and (2) the FDA representative has released, in writing, such articles for shipment, sale, or other disposition.

10. If requested by an FDA representative, Claimant shall furnish duplicate copies of invoices of sale of the released Articles, or such other evidence of disposition as requested.

11. Within fifteen (15) calendar days after FDA approves Claimant's plan described in Paragraph 6 above, Claimant shall complete its attempt to bring the Articles into compliance with the law under the supervision of the FDA representative, and in a manner acceptable to FDA. After the fifteen (15) calendar day period has elapsed, if Claimant has failed to bring the Articles into compliance with the law, Claimant shall, within the next ten (10) calendar days, destroy, at Claimant's sole expense and under the supervision of the FDA representative, any Article(s) that has not been brought into compliance, and shall make due return to this Court, including an inventory of the Articles destroyed.

12. Claimant shall not destroy or dispose of the Articles or any part of the Articles in a manner contrary to the provisions of the Act, or other laws of the United States, or of any State or Territory (as defined in the Act), in which they are sold or disposed of.

13. The United States Attorney for this District, upon being advised by an FDA representative that the Articles have been brought into compliance with the Act and the requirements of this Decree or destroyed in compliance with this Decree, and that Claimant has paid FDA's supervisory costs as required by Paragraph 15 of this Decree, will transmit such information to the Clerk of this Court, whereupon the bond given in this proceeding shall be returned, canceled, or discharged.

14. If, within twenty (20) calendar days of the entry of this Decree, Claimant does not avail itself of the opportunity to repossess the Articles as set forth in Paragraph 7 above, the United States Marshal for this District shall destroy the Articles and make due

return to this Court regarding their disposition. Claimant shall bear the costs of destruction.

15. Claimant shall reimburse the United States for the costs of supervising Claimant's compliance with the terms of this Decree, including all inspections, examinations, reviews, evaluations, and analyses conducted pursuant to this Decree, at the standard rates prevailing at the time the activities are accomplished. As of the date this Decree is signed by the parties, the rates are: $76.10 per hour or fraction thereof per representative for time spent on supervision other than laboratory and analytical work; $91.18 per hour or fraction thereof per representative for laboratory and analytical work; $0.445 per mile for travel expenses; and the published government per diem rate for subsistence expenses where necessary. In the event that the standard rates generally applicable to FDA's supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of this Court.

16. If Claimant breaches any conditions stated in this Decree, or in any subsequent decree or order in this proceeding as may be entered in this proceeding concerning the Articles, Claimant shall, at its own expense, immediately return any and all Articles not yet brought into compliance with the law pursuant to Paragraph 11 of this Decree to the United States Marshal for this District, or otherwise dispose of them pursuant to an order of this Court.

17. Should Claimant fail to abide by and perform all the terms and conditions of this Decree or any such further order or decree as may be entered in this proceeding, then the bond posted pursuant to Paragraph 4 of this Decree shall, on the motion of Plaintiff in this

proceeding, be forfeited in its entirety to the United States of America and judgment entered thereon, and any condemned Articles remaining in the custody of the United States Marshal or Claimant shall be forfeited and disposed of pursuant to further order of this Court.

    18.    Upon entry of this Decree, Claimant and each and all of its officers, directors, agents, representatives, employees, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them, are hereby restrained and enjoined under 21 U.S.C. § 332(a) from: (1) receiving any article of food, as defined by 21 U.S.C. § 321(f), in interstate commerce; and (2) introducing, delivering for introduction, or causing the introduction or delivery for introduction of any article of food in interstate commerce, unless and until Claimant:

    A.    Thoroughly cleans, renovates, and renders its facility and all equipment contained therein suitable for use in receiving, holding, and distributing articles of food to preclude the contamination of the food, and institutes adequate procedures to ensure that the facility and equipment therein continuously are maintained in such condition;

    B.    Eliminates from the facility and equipment all rodents and other pests and the filth contributed by them, and adequately repairs the floors, walls, doors, windows, and building so that rodents and other pests are precluded from entering the facility;

    C.    Establishes a written sanitation control program for the facility and all its food handling equipment, which program shall ensure that the facility and the equipment contained therein

continuously are maintained in a sanitary condition so as to prevent the contamination of food with filth;

  D. Assigns responsibility for the operation of the sanitation control program to a person who, by reason of education, training, and experience in sanitation work, is competent to maintain the facility and the equipment contained therein in a sanitary condition;

  E. Reports in writing to FDA at the address provided in Paragraph 5 of this Decree that Claimant has fully complied with the terms of Subparts A-D of this Paragraph;

  F. Pays in full all costs for which Claimant is responsible, according to the terms of this Decree; and

  G. Receives written notification from FDA stating that Claimant appears to be in compliance with the Act and this Decree, and authorizing Claimant to resume receiving articles of food in interstate commerce, and introducing, delivering for introduction, and causing the introduction or delivery for introduction of articles of food into commerce.

  19. After Claimant has complied with Paragraphs 18(A)-(F) and FDA has notified the firm in writing pursuant to Paragraph 18(G), Claimant and each and all of its directors, officers, agents, representatives, employees, successors, assigns, attorneys, and any other persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, and partnerships) who receive actual notice of the Decree, are permanently and perpetually restrained and enjoined under 21 U.S.C. § 332(a) from doing or causing to be done, directly or indirectly, any

act that violates 21 U.S.C. § 331(k), by causing food to become adulterated within the meaning of 21 U.S.C. § 342, while held for sale after shipment in interstate commerce; or 21 U.S.C. § 331(a), by introducing or delivering for introduction into interstate commerce any food that is adulterated within the meaning of 21 U.S.C. § 342.

20. A. After Claimant has complied with Paragraphs 18(A)-(F) and FDA has notified the firm in writing pursuant to Paragraph 18(G), Claimant shall retain an independent person or persons (the "auditor") to conduct audit inspections of its facility not less than once every six (6) months for a period of one (1) year and not less than once every twelve (12) months for a period of two (2) years thereafter, for a total of three (3) years of auditing. The auditor shall be qualified by education, training, and experience to conduct such inspections, and shall be without personal or financial ties (other than the consulting agreement entered into by the parties) to any Claimant officer or employee or their immediate families. The audit shall evaluate whether Claimant is in compliance with the Act and applicable regulations, including, but not limited to, whether there is evidence of rodents, insects, and/or birds contaminating the food storage areas; whether Claimant has adequately closed off entryways for rodents and other pests into the building; whether food is stored at proper temperatures; whether there is standing water in the facility; whether food is stored an appropriate distance from the walls to minimize infestations by rodents or other pests; and whether there is evidence of overcrowding that would contribute to infestation by rodents or other pests. At the conclusion of each audit inspection, the auditor shall prepare a written audit report (the "audit report")

identifying in detail any deviations from the Act and applicable regulations ("audit report observations"). As part of every audit report, except the first audit report, the auditor shall assess the adequacy of corrective actions taken by Claimant to correct all previous audit report observations. The audit reports shall be delivered contemporaneously to Claimant and FDA by courier service or overnight delivery service, no later than ten (10) calendar days after the date the audit inspections are completed. If audit reports include any audit report observations, FDA may, in its discretion, require that the three (3) year auditing cycle begin anew. In addition, Claimant shall maintain the complete audit reports and all of their underlying data in separate files at its facilities and shall make the audit reports and underlying data available to FDA upon request.

    B. If an audit report contains any audit report observations, Claimant shall, within ten (10) calendar days of receipt of the audit report, correct those observations, unless FDA notifies Claimant that a shorter time period is necessary. If, after receiving the audit report, Claimant believes that correction of an audit report observation will take longer than ten (10) calendar days, Claimant shall, within seven (7) calendar days of receipt of the audit report, propose a schedule for completing corrections ("correction schedule") and provide justification describing why the additional time is necessary. Any such correction schedule must be reviewed and approved by FDA in writing prior to implementation. Claimant shall complete all corrections according to the approved correction schedule. Within thirty (30) calendar days of Claimant's receipt of an audit report, or within the time period provided in a correction schedule approved by

FDA, the auditor shall review the actions taken by Claimant to correct the audit report observations. Within ten (10) calendar days of the beginning of that review, the auditor shall report in writing to FDA whether each of the audit report observations has been corrected.

21. If, at any time after receiving the notice from FDA described in Paragraph 18(G) above, Claimant is advised in writing by an FDA representative that conditions in its facility render articles of food held therein adulterated within the meaning of 21 U.S.C. § 342(a)(4) based on the results of an inspection, audit report, or other information, Claimant shall immediately, upon such notification, discontinue receiving articles of food in interstate commerce and discontinue introducing, delivering for introduction, and causing the introduction or delivery for introduction into commerce of articles of food that have been prepared, packed, or held by Claimant unless and until:

A. An FDA representative inspects Claimant's facility as he or she deems necessary in order to determine whether Claimant's facility, articles of food, and sanitation control program are in compliance with the Act, applicable regulations, and the requirements of this Decree. The cost of all such inspections to be borne by Claimant at the rates specified in Paragraph 15 above;

B. Claimant provides the FDA representative access to all records of the receipt, storage, and shipment of articles of food as such representative deems reasonably necessary; and

C. The FDA representative notifies Claimant in writing that Claimant appears to be in compliance with the Act, applicable regulations, and the requirements of this Decree.

22. Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to make inspections of Claimant's facility, and, without prior notice, take any other measures necessary to monitor and ensure continuing compliance with the terms of this Decree. During such inspections, FDA representatives shall be permitted access to buildings, equipment, articles of food, containers, and packaging material(s) therein; to take photographs and make video recordings; to take samples of Claimant's articles of food, containers, and packaging material(s); and to examine and copy all records relating to the receiving, processing, preparing, packing, holding, and distributing of any and all articles of food. The inspections shall be permitted upon presenting a copy of this Decree and appropriate credentials. The inspection authority granted by this Decree is separate from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

23. Claimant shall abide by the decisions of the FDA representative and FDA, which shall be final. All decisions specified in this Decree shall be vested in the discretion of FDA, which discretion shall be reviewed, if necessary, by this Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Review shall be based exclusively on the written record before FDA at the time the decision was made. No discovery shall be taken by either party.

24. If Claimant fails to comply with any of the provisions of this Decree, then, on motion of the United States in this proceeding, Claimant shall pay to the United States of America the sum of one thousand dollars ($1000.00) in liquidated damages for each calendar day

Claimant is in violation of the Decree, and an additional one thousand dollars ($1000.00) for each violation of this Decree.

25. Should the Plaintiff bring, and prevail in, a contempt action to enforce the terms of this Decree, Claimant agrees to pay all attorneys' fees, travel expenses incurred by attorneys and witnesses, Court costs, expert witness fees, and investigational and analytical expenses incurred in bringing such an action.

26. Within ten (10) calendar days from the date of entry of this Decree, Claimant shall provide a copy of this Decree to each of its employees. Within twenty (20) calendar days of entry of this Decree, Claimant shall provide FDA, at the address specified in Paragraph 5 above, an affidavit of compliance with this Paragraph stating the fact and manner of compliance and identifying the names and positions of all persons so notified.

27. Claimant shall notify FDA, at the address specified in Paragraph 5 above, at least ten (10) business days before any reorganization, relocation, dissolution, assignment, or sale resulting in the emergence of a successor corporation, the creation or dissolution of subsidiaries, or any other change in the legal status of Happy Valley Food Corp. that may affect compliance obligations arising out of this Decree.

28. Claimant shall post a copy of this Decree on a bulletin board in the employee common area of its facility within ten (10) calendar days of the entry of this Decree, and shall ensure that the Decree remains posted for a period of at least six (6) months.

29. Within twenty (20) calendar days of the entry of this Decree, Claimant shall hold a general meeting or series of smaller

meetings for its employees, at which it shall describe the terms and obligations of this Decree.

30. This Court retains jurisdiction to issue such further decrees and orders as may be necessary to the proper disposition of this proceeding.

We hereby consent to the entry of the foregoing Decree.

/s/
---
JOHNNY CHAN
Claimant

/s/
---
MARK F. WERBLOOD
Attorney for Claimant

KENNETH L. WAINSTEIN, D.C. Bar 451058
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar 434122
Civil Chief

LAURIE WEINSTEIN, D.C. Bar 389511
Assistant U.S. Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7133

OF COUNSEL:

PAULA M. STANNARD
Acting General Counsel

SHELDON T. BRADSHAW
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

WENDY S. VICENTE
ASSOCIATE CHIEF COUNSEL
United States Department of
Health and Human Services

SO ORDERED:
Dated this         day of         , 2006.

_____
UNITED STATES DISTRICT COURT

meetings for its employees, at which it shall describe the terms and obligations of this Decree.

30. This Court retains jurisdiction to issue such further decrees and orders as may be necessary to the proper disposition of this proceeding.

We hereby consent to the entry of the foregoing Decree.

JOHNNY CHAN
Claimant

MARK F. WERBLOOD
Attorney for Claimant

KENNETH L. WAINSTEIN, D.C. Bar 451058
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar 434122
Civil Chief

LAURIE WEINSTEIN, D.C. Bar 389511
Assistant U.S. Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7133

OF COUNSEL:

PAULA M. STANNARD
Acting General Counsel

SHELDON T. BRADSHAW
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

WENDY S. VICENTE
Associate Chief Counsel
United States Department of
Health and Human Services

SO ORDERED:
Dated this ___ day of ___, 2006.

UNITED STATES DISTRICT COURT

14