IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>All articles of food (excluding articles in freezer #1) stored on the premises at Happy Valley Food, Inc., 1240 W Street, N.E., Washington, D.C., that are in various types of containers (excluding articles in metal or glass containers),<br><br>　　　　　　Defendants. | Civ. No. 06-266 (RMU) |

```
CHECK TENDERED $         $60,000.00
CHECK TENDERED $         $60,000.00
CHECK TENDERED $         $14,000.00
                        -134,000.00
======= T O T A L =======
                         134,000.00
604700    REGISTRY FUND
CASE # 06-266    1
              USA VS ALL ART OF FOOD
======NO REFUND WITHOUT RECEIPT======
DC  1-2 TAM           Receipt # 143723
    03/31/06                 11:05:54 AM
```

## CONSENT DECREE OF CONDEMNATION AND INJUNCTION

　　On February 14, 2006, the United States of America ("Plaintiff"), by and through its attorney, Kenneth L. Wainstein, United States Attorney for the District of Columbia, filed a verified Complaint for Forfeiture *in Rem* ("Complaint") in this Court against the above-captioned articles ("the Articles")(not including meat and dairy items). The Complaint alleges that the Articles proceeded against are foods that are adulterated within the meaning of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 342(a)(4), while held for sale after shipment in interstate commerce, in that they have been held under insanitary conditions whereby they may have become contaminated with filth.

　　Pursuant to the Warrant of Arrest *in Rem* issued by this Court, the United States Marshal for this District seized the Articles on February 17, 2006. On March 14, 2006, Johnny ChanCorp., by and through his attorney, intervened and filed a statement of interest in the Articles. On March 22, 2006, Happy Valley Food Corp. ("Claimant"), by and through Johnny Chan, filed an amended statement of interest

RECEIVED

MAR 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. Pursuant to 21 U.S.C. § 334(e), Claimant shall pay to the United States all court costs and fees, storage, and other proper expenses to date and such additional expenses as may hereinafter be incurred and taxed.

4. Within twenty (20) calendar days from the date of entry of this Decree, Claimant shall pay in full the court costs, fees, and storage and other proper expenses of this proceeding as described in Paragraph 3 of this Decree and execute and file with the Clerk of this Court a good and sufficient penal bond in the amount of $134,000.00, in a form acceptable to the Clerk of this Court, payable to the United States of America, and conditioned on Claimant's abiding by and performing all of the terms and conditions of this Decree and of such further orders and decrees as may be entered in this proceeding.

5. After the filing of the bond pursuant to paragraph 4, Claimant shall give written notice to the United States Food and Drug Administration("FDA"), Baltimore District Office, 6000 Metro Drive, Suite 101, Baltimore, Maryland, 21215, that Claimant, at its own expense, is prepared to attempt to bring the Articles into compliance with the law under the supervision of a duly authorized representative(s) of the United States Department of Health and Human Services ("FDA representative").

6. Claimant shall not commence attempting to bring any of the Articles into compliance with the law unless and until Claimant: (a) submits a written statement to FDA detailing the proposed plan to bring the Articles into compliance, which shall be submitted within twenty (20) calendar days of the entry of this decree; (b) receives written approval of such plan from FDA; and (c) receives written authorization

3